```
THOMAS P. O'BRIEN
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
DANIEL LAYTON (SBN 240763)
Assistant United States Attorney
   Room 7211 Federal Building
   300 North Los Angeles Street
   Los Angeles, CA 90012
   Telephone: (213) 894-6165
   Facsimile: (213) 894-0115
   Email: Daniel.Layton@usdoj.gov
Attorneys for United States of America
```

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. CV 08-1866 JFW (JCx) |
| Plaintiff, | ) Judgment Reducing Tax |
| vs. | ) Assessments to Judgment and ) Foreclosing on Real Property |
| HOSEA SUMMERVILLE, et al., | ) |
| Defendants. | ) |

Based on the Stipulation to Reduce Tax Assessments to Judgment and Foreclose on Real Property between plaintiff, United States of America ("**United States**," "**Internal Revenue Service**," "**IRS**" or "**plaintiff**"), and defendants, Hosea Summerville, individually and dba Victory Transportation Co aka Victory Transportation Services Inc. aka Victory Transportation Inc. ("**Hosea Summerville**"), Victory Transportation Services Inc. aka Victory Transportation Co ("**VTS**"), Orange Credit Services ("**OCS**"), and Chase Home Finance, as successor in interest or assignee of Regions Bank, dba Regions Mortgage ("**Chase**"), collectively "**defendants**,"

**IT IS ORDERED, ADJUDGED, AND DECREED** that:

1. On March 19, 2008, the United States filed its Complaint to Reduce Federal Tax Assessments to Judgment, and to Foreclose Federal Tax Liens on Real Property ("the Complaint").

**FIRST CAUSE OF ACTION:REDUCE FEDERAL TAX ASSESSMENTS TO JUDGMENT**

2. The first cause of action in the Complaint, to reduce to judgment Federal tax assessments against defendant Hosea Summerville, is adjudged as follows:

3. The balances due for Hosea Summerville's Form 1040 liabilities for years 1990, 1992 through 2002, and 2004, calculated to May 31, 2009, are as follows:

| Period | Assessed Balance ($) | Accrued Interest ($) | Accrued Failure to Pay Penalties ($) | Total Due ($) |
|---|---|---|---|---|
| 1990 | 0* | 0* | 0* | 0* |
| 1992 | 18,130.41 | 25,249.05 | 291.87 | 43,671.33 |
| 1993 | 5,358.85 | 15,489.95 | 684.00 | 21,532.80 |
| 1994 | 8,630.15 | 12,414.26 | 831.00 | 21,875.41 |
| 1995 | 9,200.30 | 13,618.86 | 1,554.00 | 24,391.16 |
| 1996 | 10,783.90 | 9,592.50 | 672.74 | 21,049.14 |
| 1997 | 5,710.91 | 5,080.27 | 626.84 | 11,418.02 |
| 1998 | 0 | 1,147.50 | 18.74 | 1,166.24 |
| 1999 | 9,066.78 | 6,532.83 | 1,759.13 | 17,358.74 |
| 2000 | 2,986.46 | 1,326.34 | 625.03 | 4,937.83 |
| 2001 | 5,950.53 | 3,013.18 | 1,291.22 | 10,254.93 |
| 2002 | 8,018.95 | 3,518.79 | 1,724.31 | 13,262.05 |
| 2004 | 15,278.01 | 3,559.47 | 2,058.68 | 20,896.16 |

*Balance paid in full as of April 15, 2007, from refund applied from 2006 return.

4. The balance due for Hosea Summerville's Form 940 liability, calculated to May 31, 2009, is as follows:

| Period End | Assessed Balance ($) | Accrued Interest ($) | Accrued Failure to Pay Penalties ($) | Total Due ($) |
|---|---|---|---|---|
| 12/31/02 | 317.05 | 139.48 | 68.40 | 524.93 |

5. The balances due for Hosea Summerville's Form 941 liabilities, calculated to May 31, 2009, are as follows:

| Period End | Assessed Balance ($) | Accrued Interest ($) | Accrued Failure to Pay Penalties ($) | Total Due ($) |
|---|---|---|---|---|
| 3/31/98 | 2,004.69 | 3,279.44 | 695.63 | 5,979.76 |
| 6/30/98 | 7,298.15 | 6,495.94 | 845.06 | 14,639.15 |
| 9/30/98 | 7,989.49 | 7,111.16 | 1,029.79 | 16,130.44 |
| 12/31/98 | 9,026.94 | 8,034.54 | 1,276.81 | 18,338.29 |
| 9/30/99 | 4,345.23 | 3,583.88 | 744.81 | 8,673.92 |
| 9/30/00 | 7,115.86 | 4,976.26 | 1,395.28 | 13,487.40 |
| 9/30/01 | 3,177.99 | 1,702.64 | 0 | 4,880.63 |
| 12/31/01 | 3,053.81 | 1,556.98 | 0 | 4,610.79 |
| 6/30/02 | 1,170.42 | 554.54 | 0.37 | 1,725.33 |
| 9/30/02 | 12,949.16 | 6,252.31 | 2,804.66 | 22,006.13 |
| 12/30/02 | 2,271.58 | 1,002.10 | 286.17 | 3,559.85 |

6. The balances due for Hosea Summerville's Form 2290 liabilities, calculated to May 31, 2009, are as follows:

///

3

| Period End | Assessed Balance ($) | Accrued Interest ($) | Accrued Failure to Pay Penalties ($) | Total Due ($) |
|---|---|---|---|---|
| 7/1/01 | 1,278.48 | 269.03 | 0 | 1,547.51 |
| 7/1/02 | 1,205.42 | 266.50 | 13.68 | 1,485.60 |

7. Total of the balances due for all the subject periods, calculated to May 31, 2009, is $329,403.54.

8. Interest continues to accrue after May 31, 2009, as allowed by law.

9. The above-described balances due to the United States, plus accrued penalties and interest, are reduced to judgment against Hosea Summerville, resolving the First Cause of Action in favor of the United States.

**SECOND CAUSE OF ACTION: FORECLOSE FEDERAL TAX LIENS AGAINST REAL PROPERTY (Between Plaintiff and All Defendants)**

10. The second cause of action in the Complaint seeks to foreclose the federal tax liens against the real property owned by Hosea Summerville the subject real property located in Culver City, California, 90230, and is legally described as follows (hereinafter referred to as "**subject property**"):

PARCEL 1:

A CONDOMINIUM COMPRISED OF:

(A) AN UNDIVIDED 1/97TH INTEREST IN AND TO LOT 1 OF TRACT NO. 36819 IN THE CITY OF CULVER CITY, AS PER MAP FILED IN BOOK 926, PAGES 49 TO 50 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM UNITS 1 TO 97 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN FOR SAID LOT 1, RECORDED FEBRUARY 29, 1980 AS INSTRUMENT NO 80-208682 OF OFFICIAL RECORDS.

ALSO EXCEPT THREFROM ALL METALS AND MINERALS AND ALL OIL, NATURAL GAS, ASPHALTUM AND OTHER HYDROCARBONS, WITHOUT RIGHT OF SURFACE ENTRY, TOGETHER WITH THE RIGHT TO EXPLORE AND TO DRILL FOR AND TO PRODUCE, EXTRACT, AND TAKE METALS AND MINERALS, OIL NATURAL GAS, ASPHALTUM AND OTHER HYDROCARBONS, TOGETHER WITH ALL RIGHTS NECESSARY AND CONVENIENT THERETO FOR ANY OR ALL OF THE ABOVE PURPOSES, INCLUDING, WITHOUT LIMITING THE GENERALITY HEREOF, SUBSURFACE RIGHT OF WAY FOR DRILLING, REPAIRING, RE-DRILLING, DEPPENING, MAINTAINING, OPERATING, ABANDONING, RE-WORKING AND REMOVING WELLS INTO AND TRHOUGH SAID LAND, BELOW A PLANE OF 500 FEET BELOW THE SURFACE THEREOF, AND EXCEPTING AND RESERVING THE RIGHT TO MAINTAIN PIPES AND TO TRANSPORT ANY OF SUCH SUBSTANCES AND TO CROSS AND TRAVERSE FROM OTHER LANDS BELOW A DEPTH OF 500 FEET BELOW THE SURFACE THEREOF, AND EXCEPTING AND RESERVING THE RIGHT TO MAINTAIN PAIPES AND TO TRANSPORT ANY OF SUCH SUBSTANCES AND TO CROSS AND TRAVERSE FROM OTHER LANDS BELOW A DEPTH OF 500 FEET, AS RESERVED BY HOME SAVINGS AND LOAN ASSOCIATION, A CALIFORNIA CORPORATION BY DEED RECORDED MARCH 6, 1970 AS INSTRUMENT NO 666.  RESERVING FROM SAID LOT 1, NON-EXCLUSIVE EASEMENTS FOR PARKING PURPOSES, WITH THE RIGHT TO GRANT SAME TO OTHERS OVER THOSE PORTIONS OF

SAID LOT 1, SHOWN AND DEFINED AS P-1 TO P-155 ON SAID CONDOMINIUM PLAN.

(B) UNIT 43, AS SHOWN AND DEFINED ON SAID CONDOMINIUM PLAN.

PARCEL 2:

AN EXLUSIVE EASEMENT FOR PARKING AND INCIDENTAL PURPOSES, OVER THAT PORTION OF SAID LOT 1, SHOWN AND DEFINED AS P-3, ON SAID CONDOMINIUM PLAN.

ASSESSORS PARCEL NUMBER: 4134-017-167

11. The United States has Federal tax liens on all property owned by defendant Hosea Summerville for the balances due for the tax periods described in paragraphs 3 through 9 of this judgment.

12. The United States has the right to judicial foreclosure of its Federal tax liens against the subject property and defendants do not oppose judicial foreclosure of such property by the United States.

13. Unless the United States has filed a satisfaction of judgment, or Hosea Summerville has privately sold the subject property as described in paragraphs 15 through 27 of this judgment, on or before September 7, 2009, the subject property is ordered to be sold by the Area Director of the IRS whose District includes Los Angeles County, California, or his delegate, in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002. The proceeds of sale is the sale price less any necessary sale expenses such as Realtor commissions, but specifically do not include distribution to any creditor or lienholder beyond payment of necessary sale expenses. The

6

intent of this stipulated order is to allow Hosea Summerville until September 7, 2009, to voluntarily sell the subject property to achieve the highest possible sale price and avoid the forced sale of the subject property.

**Private Sale of Subject Property**

14. The subject property may be sold by a private sale conducted by Hosea Summerville prior to September 7, 2009, for the purpose of applying the proceeds from the private sale to the satisfaction of his liabilities to the United States, OCS, and Chase, in the order of priority stated herein at ¶ 22.

15. The terms and conditions of sale shall be as follows:

   a. The subject property will be listed by Hosea Summerville through a licensed broker on MLS (Multiple Listing System). A copy of the listing agreement and MLS listing will be furnished to the United States through the Assistant United States Attorney acting as its counsel in this case (hereinafter "**the AUSA**").

   b. All offers will be transmitted to the AUSA within two business days after receipt of the offer. Hosea Summerville shall have the right to conditionally accept the offer subject to approval by the United States of America and must communicate such conditional acceptance to the AUSA within two days. Within ten (10) business days of receiving notice of the conditional acceptance, written rejection or approval of an offer by the United States must be provided to Hosea Summerville's counsel and to the

      listing broker or the United States will have waived any objections to the conditionally accepted offer.

c. The commission due to the buying and selling agents shall not exceed the total of 6% of the sale price. Other commercially reasonable sales costs are to be paid out of the sale proceeds. If a party objects the reasonableness of any sales cost, the dispute will be resolved by the Court upon motion by the objecting party.

d. The minimum bid shall be 75% of the current fair market value as determined by a Property Appraisal/Liquidation Specialist ("**PALS**") for the Internal Revenue Service based on its appraisal of the subject property.  Summerville may challenge the minimum bid provided by PALS within ten (10) days, and resolution of the challenge will be handled administratively as described in sections 5.10.4.6.3 through 5.10.4.6.7 of the Internal Revenue Manual. The PALS appraisal shall be provided to Hosea Summerville no later than July 22, 2009.

e. The purchaser shall be required to deposit into escrow $10,000 within three (3) days upon the offer being accepted.  Should any purchaser open escrow by virtue of this private sale and fail to comply with the terms of the sale, such purchaser shall be liable to the United States for the deposit as a penalty, and the deposit shall be paid over to the United States as a

     credit on the judgment of the United States for
     Federal tax assessments against Hosea Summerville.

 16. If Hosea Summerville is unable to sell the subject property by September 7, 2009, the IRS shall be permitted to sell the property.

 17. Chase reserves its right to non-judicial trustee's sale of the subject property for default under the Deed of Trust dated May 8, 1980.  Chase will not exercise its right to trustee's sale until after September 7, 2009, in order to allow Hosea Summerville the opportunity to privately sell the subject property.  Chase will notify counsel for the United States prior to such trustee's sale.  The United States reserves its right of redemption with respect to the subject property if sold by trustee's sale.

 18. The proceeds of the sale of the subject property, whether by private sale, trustee's sale, or foreclosure sale, will go first to the expenses of sale, and then to Chase, the United States, and OCS, in the order of priority described herein.

**Order of Priority**

 19. OCS was made a defendant to this action because it filed an abstract of money judgment and a renewal of the same money judgment against the property of defendant Hosea Summerville.

 20. Chase was made a defendant to this action pursuant to its acquisition of the beneficial interest of the original Deed of Trust for the subject property in the amount of $67,000 recorded on June 6, 1980, as instrument No. 80-552568.  Chase

9

admits that this Court has personal jurisdiction over it and subject matter jurisdiction over this matter.

21.  Defendant VTS was made a party to this action because it may have had an interest in the subject property pursuant to a Deed of Trust recorded on October 26, 2006 in the County Recorder's office, Los Angeles County, California.  However, said interest was transferred to Hosea Summerville pursuant to a Corporation Grant Deed recorded on March 28, 2007, as Instrument No. 07-0727941 in the Los Angeles County Recorder's Office.  VTS claims no right, title, or interest in or to the subject property.

22.  The United States and all defendants agree that the priorities of the IRS' Federal tax liens, the abstract of (and renewal of) money judgment recorded by Orange Credit Services ("**OCS**"), and Chase's beneficial interest in the Deed of Trust for the subject property are as follows:

| **Creditor** | **Tax & Period** | **Recording Date** | **Balance Due (Through Date)*** | **Document Serial Number** |
|---|---|---|---|---|
| CHASE | N/A | 06/06/1980 | $27,811.82 (05/31/2009) | 80-552568 |
| IRS | 941: 09/30/1999 | 03/05/2001 | $8,673.92 (05/31/2009) | 950128444 |
| IRS | 941: 09/30/2000 | 03/05/2001 | $13,487.40 (05/31/2009) | 950128444 |
| IRS | 1040: 12/31/1997 | 10/10/2001 | $11,418.02 (05/31/2009) | 950141908 |
| IRS | 1040: 12/31/1998 | 10/10/2001 | $1,166.24 (05/31/2009) | 950141908 |

10

| | | | | | |
|---|---|---|---|---|---|
| 1 | IRS | 1040: 12/31/1999 | 10/10/2001 | $17,358.74 (05/31/2009) | 950141908 |
| 2 | IRS | 941: 09/30/2001 | 10/29/2002 | $4,880.63 (05/31/2009) | 950268167 |
| 3 | IRS | 941: 12/31/2001 | 10/29/2002 | $4,610.79 (05/31/2009) | 950268167 |
| 4 | IRS | 941: 03/31/1998 | 11/26/2002 | $5,979.76 (05/31/2009) | 950270619 |
| 5 | IRS | 941: 06/30/1998 | 11/26/2002 | $14,639.15 (05/31/2009) | 950270619 |
| 6 | IRS | 941: 09/30/1998 | 11/26/2002 | $16,130.44 (05/31/2009) | 950270619 |
| 7 | IRS | 941: 12/31/1998 | 11/26/2002 | $18,338.29 (05/31/2009) | 950270619 |
| 8 | OCS | N/A | 01/13/2004 | $42,893.71 (09/24/2009) | 04-0086980 & 06-1951173 (renewal) |
| 9 | IRS | 941: 06/30/2002 | 02/09/2004 | $1,725.33 (05/31/2009) | 155377704 |
| 10 | IRS | 941: 09/30/2002 | 02/09/2004 | $22,006.13 (05/31/2009) | 155377704 |
| 11 | IRS | 941: 12/31/2002 | 02/09/2004 | $3,559.85 (05/31/2009) | 155377704 |
| 12 | IRS | 940: 12/31/2002 | 02/09/2004 | $524.93 (05/31/2009) | 155377704 |
| 13 | IRS | 1040: 12/31/1996 | 10/18/2005 | $21,049.14 (05/31/2009) | 252278305 |
| 14 | IRS | 1040: 12/31/2000 | 10/18/2005 | $4,937.83 (05/31/2009) | 252278305 |
| 15 | IRS | 1040: 12/31/2001 | 10/18/2005 | $10,254.93 (05/31/2009) | 252278305 |

```
IRS        1040: 12/31/2002  10/18/2005     $13,262.05    252278305
                                           (05/31/2009)

IRS        1040: 12/31/2004  07/18/2006     $20,896.16    302630306
                                           (05/31/2009)

IRS        2290: 07/01/2002  09/06/2006      $1,485.60    314373006
                                           (05/31/2009)

IRS        2290: 07/01/2001  03/13/2007      $1,547.51    338413507
                                           (05/31/2009)

IRS        1040: 12/31/1990  04/05/2007          $0.00    270702067
                                           (05/31/2009)

IRS        1040: 12/31/1992  04/05/2007     $43,671.33    270702067
                                           (05/31/2009)

IRS        1040: 12/31/1993  04/05/2007     $21,532.80    270702067
                                           (05/31/2009)

IRS        1040: 12/31/1994  04/05/2007     $21,875.41    270702067
                                           (05/31/2009)

IRS        1040: 12/31/1995  04/05/2007     $24,391.16    270702076
                                           (05/31/2009)
```

\*Per diem interest, as well as penalties for failure to timely make payment, may accrue beyond the stated dates.

23. Hosea Summerville will continue to remain current in his payments to Chase on the debt secured by the Deed of Trust until the subject property is sold pursuant to this stipulated judgment of the Court, and will not otherwise allow the equity of the property to diminish by willful neglect.

24. Defendants were named as parties exclusively to ensure the satisfaction of their interests in the subject property, if foreclosed, and to provide clear title to any purchaser.

25. If the IRS conducts a foreclosure sale of the subject property by reason of this judgment, no defendant besides Chase

12

and OCS shall be entitled to received payment of its alleged lien or claim from the sale proceeds of the subject property because no such party has a valid or existing lien upon or interest in such property or sale proceeds.  Specifically:

    a. Defendant VTS disclaimed its interest by way of the Stipulation to Reduce Tax Assessments to Judgment and Foreclose on Real Property upon which this order is made;

    b. Defendant Automated Fin Corp filed a Disclaimer of Interest to this action on June 26, 2008.

    c. The Default of defendant Melmet Default Services, Inc., was entered by the Clerk of this Court on February 2, 2009, due to its failure to plead or otherwise defend the Complaint filed in this action.

26.  Default judgment is hereby entered against defendant Melmet Default services, Inc.

27.  The Court retains jurisdiction of this action for the purpose of making proper distribution of any surplus of the proceeds of sale.

28.  Hosea Summerville has waived his right to seek a new trial and/or to appeal this stipulated judgment.

### ATTORNEY'S FEES

29.  The United States will bear its own costs and attorney's fees as against defendants and defendants will bear

///
///
///
///

13

their own costs and attorney's fees as against the United States and as against each other.

**IT IS SO ORDERED.**

Dated: July 23, 2009

_____
HON. JOHN F. WALTER
United States District Judge

Respectfully submitted,
THOMAS P. O'BRIEN
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division


DANIEL LAYTON
Assistant United States Attorney
Attorneys for United States of America

14