ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
DANIEL LAYTON (SBN 240763)
Assistant United States Attorney
Room 7211 Federal Building
300 North Los Angeles Street
Los Angeles, CA 90012
Telephone: (213) 894-6165
Facsimile: (213) 894-0115
Email: Daniel.Layton@usdoj.gov
Attorneys for United States of America

JS-6
cc: FISCAL
**discharge OSC [doc 47]**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>HOSEA SUMMERVILLE, et al.,<br>Defendants. | Case No. CV 08-1866 JFW (JCx)<br>Judgment Foreclosing Federal Tax Liens on Real Property |

Based on the Stipulation to Foreclose Federal Tax Liens on Real Property between plaintiff, United States of America ("**United States**," "**Internal Revenue Service**," "**IRS**" or "**plaintiff**"), and defendants, Hosea Summerville, individually and dba Victory Transportation Co aka Victory Transportation Services Inc. aka Victory Transportation Inc. ("**Hosea Summerville**"), Orange Credit Services ("**OCS**"), and Chase Home Finance, as successor in interest or assignee of Regions Bank, dba Regions Mortgage ("**Chase**"), collectively "**defendants**,"

**IT IS ORDERED, ADJUDGED, AND DECREED** that:

1. On March 19, 2008, the United States filed its Complaint to Reduce Federal Tax Assessments to Judgment, and to Foreclose Federal Tax Liens on Real Property ("the original Complaint").

2. On July 22, 2009, the United States of America and defendants filed a stipulation to reduce tax assessments to judgment and foreclose on real property (document number 39). Upon that stipulation, on July 23, 2009, the Court entered a judgment reducing tax assessments to judgment and foreclosing on real property which provided as follows:

a. The first cause of action, to reduce tax assessments to judgment, was resolved in favor of the United States by agreement that the assessed amounts, interest, penalties, and accruals for each of the tax periods at issue in this case, calculated to May 31, 2009, totaling $329,403.54, may be reduced to judgment. It was also provided that interest and penalties accrued since that date.

b. As to the second cause of action, to foreclose on federal tax liens against real property of Hosea Summerville located in Culver City, California, (hereinafter "**the subject property**") the United States had the right to foreclose on its liens, by agreement to the order of priority of interest with respect to the proceeds of the sale amongst the parties, and that defendant Hosea Summerville would be permitted to attempt private sale under certain conditions prior to a foreclosure sale by the United States.

c. Defendant Victory Transportation Services Inc. aka Victory Transportation Services was also a party to the stipulation and disclaimed any interest in the subject property. As to all remaining named defendants, disclaimers of their interest had been filed or default judgment was entered.

d. Chase reserved its right to non-judicial foreclosure of the subject property or default under the Deed of Trust dated May 8, 1980.

3. On January 15, 2010, the parties filed a stipulation to vacate judgment to foreclose on real property and for leave to amend complaint pursuant to Fed. R.

Civ. P. 15(a)(2). Based upon that stipulation, by an order dated January 19, 2010, at document no. 43, the Court vacated its judgment as to the second cause of action, to foreclose on federal tax liens, in order to allow the United States to file an amended complaint adding the Employment Development Department ("**EDD**") and Green Valley Condominiums Owners Association ("**Green Valley COA**") so the Court could adjudicate their potential interests in the subject property. The judgment remained effective as to the first cause of action, to reduce federal tax assessments to judgment. Furthermore, the order provided that the parties remained bound by the July 22, 2009, stipulation with the exception of paragraphs 13 through 19 in the second cause of action, to foreclose, which provided that the Court could issue an order of foreclosure and for certain conditions of private sale of the subject property,[1] and provided that the parties against whom default judgment was entered, or who had filed disclaimers, would remain subject to those dispositions.

4. On January 28, 2010, the United States filed the First Amended Complaint to Reduce Tax Assessments to Judgment, And Foreclose on Federal Tax Liens on Real Property, document no. 45, naming the EDD and Green Valley COA as parties.

5. On January 28, 2010, and February 17, 2010, disclaimers of interest to the complaint and amended complaint were filed for the EDD and Green Valley COA, respectively. Accordingly, the United States, Hosea Summerville, Chase, and OCS are the only remaining parties in this case.

---

[1] Paragraph 30 of the July 22, 2009, stipulation was also excepted, but that paragraph was simply a statement that no other issues remained.

6. By this Judgment, the Court resolves the second cause of action in this case, the first cause of action being adjudicated by the July 23, 2009, judgment of this Court, leaving no remaining causes of action to be adjudicated.

**SECOND CAUSE OF ACTION: FORECLOSE FEDERAL TAX LIENS AGAINST REAL PROPERTY (Between Plaintiff and All Defendants)**

7. The second cause of action in the Complaint (and First Amended Complaint, which does not differ except for the addition of two parties, and will not be referred to separately herein) seeks to foreclose the federal tax liens against the real property owned by Hosea Summerville, the subject property, located in Culver City, California, 90230, legally described as follows:

PARCEL 1:
A CONDOMINIUM COMPRISED OF:
(A) AN UNDIVIDED 1/97TH INTEREST IN AND TO LOT 1 OF TRACT NO. 36819 IN THE CITY OF CULVER CITY, AS PER MAP FILED IN BOOK 926, PAGES 49 TO 50 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
EXCEPT THEREFROM UNITS 1 TO 97 INCLUSIVE AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN FOR SAID LOT 1, RECORDED FEBRUARY 29, 1980 AS INSTRUMENT NO 80-208682 OF OFFICIAL RECORDS.
ALSO EXCEPT THREFROM ALL METALS AND MINERALS AND ALL OIL, NATURAL GAS, ASPHALTUM AND OTHER HYDROCARBONS, WITHOUT RIGHT OF SURFACE ENTRY, TOGETHER WITH THE RIGHT TO EXPLORE AND TO DRILL FOR AND TO PRODUCE, EXTRACT, AND TAKE METALS AND MINERALS, OIL NATURAL GAS, ASPHALTUM AND OTHER HYDROCARBONS, TOGETHER WITH ALL RIGHTS NECESSARY AND CONVENIENT THERETO FOR ANY OR ALL OF THE ABOVE PURPOSES, INCLUDING, WITHOUT LIMITING THE GENERALITY HEREOF, SUBSURFACE RIGHT OF WAY FOR DRILLING, REPAIRING, RE-DRILLING, DEPPENING, MAINTAINING, OPERATING, ABANDONING, RE-WORKING AND REMOVING WELLS INTO AND TRHOUGH SAID LAND, BELOW A PLANE OF 500 FEET BELOW THE SURFACE THEREOF, AND EXCEPTING AND RESERVING THE RIGHT TO MAINTAIN PIPES AND TO

TRANSPORT ANY OF SUCH SUBSTANCES AND TO CROSS AND TRAVERSE FROM OTHER LANDS BELOW A DEPTH OF 500 FEET BELOW THE SURFACE THEREOF, AND EXCEPTING AND RESERVING THE RIGHT TO MAINTAIN PAIPES AND TO TRANSPORT ANY OF SUCH SUBSTANCES AND TO CROSS AND TRAVERSE FROM OTHER LANDS BELOW A DEPTH OF 500 FEET, AS RESERVED BY HOME SAVINGS AND LOAN ASSOCIATION, A CALIFORNIA CORPORATION BY DEED RECORDED MARCH 6, 1970 AS INSTRUMENT NO 666. RESERVING FROM SAID LOT 1, NON-EXCLUSIVE EASEMENTS FOR PARKING PURPOSES, WITH THE RIGHT TO GRANT SAME TO OTHERS OVER THOSE PORTIONS OF SAID LOT 1, SHOWN AND DEFINED AS P-1 TO P-155 ON SAID CONDOMINIUM PLAN.

(B) UNIT 43, AS SHOWN AND DEFINED ON SAID CONDOMINIUM PLAN.

PARCEL 2:

AN EXLUSIVE EASEMENT FOR PARKING AND INCIDENTAL PURPOSES, OVER THAT PORTION OF SAID LOT 1, SHOWN AND DEFINED AS P-3, ON SAID CONDOMINIUM PLAN.

ASSESSORS PARCEL NUMBER: 4134-017-167

8. Pursuant to the stipulation to reduce tax assessments to judgment and foreclose on real property between defendants and the United States filed on July 22, 2009, at document number 39:

a. The United States has Federal tax liens on all property owned by defendant Hosea Summerville for the balances due for the tax periods described in paragraphs 3 through 9 of the July 22, 2009, stipulation. In the Judgment Reducing Tax Assessments to Judgment and Foreclosing on Real Property filed on July 23, 2009, for which only the second cause of action was vacated, paragraphs 3 through 9 of the July 22, 2009, stipulation correspond with the still final judgment as to the First Cause of Action: Reduce Federal Tax Assessments to Judgment.

b. The United States has the right to judicial foreclosure of its Federal tax liens against the subject property and defendants do not oppose

judicial foreclosure of such property by the United States.

9. The parties have also stipulated that this Court may issue an order of foreclosure of the federal tax liens on the subject property. Accordingly, this Court orders as follows:

**Private Sale of Subject Property**

10. The United States will stay its right to foreclose from the date the order of foreclosure pursuant to this stipulation is entered until June 14, 2010, to allow defendant Hosea Summerville the opportunity to satisfy his outstanding tax liability or to allow for a private sale of the subject property as described in paragraphs 11 through 23 of this stipulation. The intent of this stipulation is to allow Hosea Summerville time to sell the subject property to achieve the highest sale price and avoid forced sale of the subject property.

11. The subject property may be sold by a private sale conducted by Hosea Summerville prior to June 14, 2010, for the purpose of applying the proceeds from the private sale to the satisfaction of his liabilities to the United States, OCS, and Chase, in the order of priority described herein.

12. The terms and conditions of the private sale shall be as follows:

a. The subject property will be listed by Hosea Summerville through a licensed broker on MLS (Multiple Listing System). A copy of the listing agreement and MLS listing will be furnished to the United States through the Assistant United States Attorney acting as its counsel in this case (hereinafter "**the AUSA**").

b. All offers will be transmitted to the AUSA within two business days after receipt of the offer. Hosea Summerville shall have the right to conditionally accept the offer subject to approval by the United States of America and must communicate such conditional acceptance to the AUSA within two days. Within ten (10) business days of receiving notice of the conditional acceptance or of the date of the filing of this

stipulation, whichever is latest, written rejection or approval of an offer by the United States must be provided to Hosea Summerville's counsel or the United States will have waived any objections to the conditionally accepted offer.

c. The commission due to the buying and selling agents shall not exceed the total of 6% of the sale price. Other commercially reasonable sales costs are to be paid out of the sale proceeds. If a party objects the reasonableness of any sales cost, the dispute will be resolved by the Court upon motion by the objecting party.

d. The minimum bid shall be 75% of the current fair market value as determined by a Property Appraisal/Liquidation Specialist ("**PALS**") for the Internal Revenue Service based on its appraisal of the subject property. Summerville may challenge the minimum bid provided by PALS within ten (10) days, and resolution of the challenge will be handled administratively as described in sections 5.10.4.6.3 through 5.10.4.6.7 of the Internal Revenue Manual.

e. The purchaser shall be required to deposit into escrow $10,000 within three (3) days upon the offer being accepted. Should any purchaser open escrow by virtue of this private sale and fail to comply with the terms of the sale, such purchaser shall be liable to the United States for the deposit as a penalty, and the deposit shall be paid over to the United States as a credit on the judgment of the United States for Federal tax assessments against Hosea Summerville.

13. Chase reserves its right to non-judicial trustee's sale of the subject property for default under the Deed of Trust dated May 8, 1980. This order does not affect any party's statutory rights with respect to notice or redemption of the subject property if sold by trustee's sale.

14. If Hosea Summerville is unable to sell the subject property by June

14, 2010, the IRS shall be permitted to sell the property pursuant to its right of foreclosure on the federal tax liens.

**Foreclosure Sale of the Subject Property**

15. After June 14, 2010, the subject property is ordered to be sold by the Area Director of the Internal Revenue Service, Los Angeles, California Area (Area Director), or his delegate, in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002.

16. The Area Director, or his delegate, is ordered to sell the subject property in accordance with 28 U.S.C. §§ 2001(a) and 2002. The property shall be sold at a public sale to be held at the Los Angeles County Courthouse, 111 North Hill Street, Los Angeles, California, as follows:

a. Notice of the sale shall be published once a week for at least four (4) weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Los Angeles County, California. Said notice shall describe the property by both its street address and its legal description, and shall contain the terms and conditions of sale as set out herein.

b. The terms and conditions of sale shall be as follows:

i. The Internal Revenue Service shall appraise the current fair market value of the subject property (appraised value).

ii. The minimum bid shall be 75% of the appraised value.

iii. The United States of America may bid a credit against its judgment and interest thereon, costs, and expenses, without tender of cash.

iv. The terms of sale as to all other persons or parties bidding shall be cash. The successful bidder shall be required to deposit with the Area Director cash equal to twenty percent (20%) of the bidder's total bid immediately upon the property being struck

off and awarded to such bidder as the highest and best bidder; and the remaining eighty percent (80%) of said purchase price is to be paid on or before 5:00 p.m., within three (3) days of the date of sale.

v. Should the successful bidder fail to comply with the terms of the sale, such bidder shall be liable to the United States for twenty percent (20%) of the value of the property as a penalty, and said deposit shall be paid over and delivered to the United States to be applied toward payment of said penalty. Payment of said penalty shall not be a credit on the judgment of the United States.

c. Upon selling the subject real property, the Area Director, or his delegate, shall prepare and file with this Court an accounting and report of sale and shall give to the purchaser a Certificate of Sale containing the description of the property sold and the price paid. The accounting and report of sale shall be filed within ten (10) business days from the date of sale. If no objections have been filed in writing in this cause with the Clerk of the Court, within fifteen (15) business days of the date of sale, the sale shall be confirmed without necessity of motion, and the Area Director shall be directed by the Court to execute and deliver his deed to said purchaser.

d. Possession of the property sold shall be yielded to the purchaser upon the production of the Certificate of Sale and Deed; and if there is a refusal to so yield, a Writ of Assistance may, without further notice, be issued by the Clerk of this Court to compel delivery of the property sold to the purchaser.

17. The proceeds of the sale of the subject property, whether by private sale, trustee's sale, or foreclosure sale, will go first to the expenses of sale and then

in the order of priority described herein. The priorities of the IRS' Federal tax liens, the abstract of (and renewal of) money judgment recorded by Orange Credit Services ("**OCS**"), and Chase's beneficial interest in the Deed of Trust for the subject property are as follows:

| **Creditor** | **Tax & Period** | **Recording Date** | **Balance Due (Through Date)*** | **Document Serial Number** |
|---|---|---|---|---|
| CHASE | N/A | 06/06/1980 | $27,811.82 (05/31/2009) | 80-552568 |
| IRS | 941: 09/30/1999 | 03/05/2001 | $8,673.92 (05/31/2009) | 950128444 |
| IRS | 941: 09/30/2000 | 03/05/2001 | $13,487.40 (05/31/2009) | 950128444 |
| IRS | 1040: 12/31/1997 | 10/10/2001 | $11,418.02 (05/31/2009) | 950141908 |
| IRS | 1040: 12/31/1998 | 10/10/2001 | $1,166.24 (05/31/2009) | 950141908 |
| IRS | 1040: 12/31/1999 | 10/10/2001 | $17,358.74 (05/31/2009) | 950141908 |
| IRS | 941: 09/30/2001 | 10/29/2002 | $4,880.63 (05/31/2009) | 950268167 |
| IRS | 941: 12/31/2001 | 10/29/2002 | $4,610.79 (05/31/2009) | 950268167 |
| IRS | 941: 03/31/1998 | 11/26/2002 | $5,979.76 (05/31/2009) | 950270619 |
| IRS | 941: 06/30/1998 | 11/26/2002 | $14,639.15 (05/31/2009) | 950270619 |

| | | | | |
|---|---|---|---|---|
| IRS | 941: 09/30/1998 | 11/26/2002 | $16,130.44 (05/31/2009) | 950270619 |
| IRS | 941: 12/31/1998 | 11/26/2002 | $18,338.29 (05/31/2009) | 950270619 |
| OCS | N/A | 01/13/2004 | $42,893.71 (09/24/2009) | 04-0086980 & 06-1951173 (renewal) |
| IRS | 941: 06/30/2002 | 02/09/2004 | $1,725.33 (05/31/2009) | 155377704 |
| IRS | 941: 09/30/2002 | 02/09/2004 | $22,006.13 (05/31/2009) | 155377704 |
| IRS | 941: 12/31/2002 | 02/09/2004 | $3,559.85 (05/31/2009) | 155377704 |
| IRS | 940: 12/31/2002 | 02/09/2004 | $524.93 (05/31/2009) | 155377704 |
| IRS | 1040: 12/31/1996 | 10/18/2005 | $21,049.14 (05/31/2009) | 252278305 |
| IRS | 1040: 12/31/2000 | 10/18/2005 | $4,937.83 (05/31/2009) | 252278305 |
| IRS | 1040: 12/31/2001 | 10/18/2005 | $10,254.93 (05/31/2009) | 252278305 |
| IRS | 1040: 12/31/2002 | 10/18/2005 | $13,262.05 (05/31/2009) | 252278305 |
| IRS | 1040: 12/31/2004 | 07/18/2006 | $20,896.16 (05/31/2009) | 302630306 |
| IRS | 2290: 07/01/2002 | 09/06/2006 | $1,485.60 (05/31/2009) | 314373006 |

| | | | | |
|---|---|---|---|---|
| IRS | 2290: 07/01/2001 | 03/13/2007 | $1,547.51 (05/31/2009) | 338413507 |
| IRS | 1040: 12/31/1990 | 04/05/2007 | $0.00 (05/31/2009) | 270702067 |
| IRS | 1040: 12/31/1992 | 04/05/2007 | $43,671.33 (05/31/2009) | 270702067 |
| IRS | 1040: 12/31/1993 | 04/05/2007 | $21,532.80 (05/31/2009) | 270702067 |
| IRS | 1040: 12/31/1994 | 04/05/2007 | $21,875.41 (05/31/2009) | 270702067 |
| IRS | 1040: 12/31/1995 | 04/05/2007 | $24,391.16 (05/31/2009) | 270702076 |

*****Per diem interest, as well as penalties for failure to timely make payment, may accrue beyond the stated dates.

18. Hosea Summerville will make timely payments to Chase on the debt secured by the Deed of Trust from the date of this stipulation until the subject property is sold pursuant to the stipulated judgment of the Court, and will not otherwise allow the equity of the property to diminish by willful neglect.

19. The Complaint does not seek any monetary judgment against OCS or Chase, nor does it seek to extinguish their recorded interests or the liens evidenced thereby.

20. Defendants were named as parties exclusively to ensure the satisfaction of their interests in the subject property and, by this order of foreclosure, provide clear title to any purchaser.

21. By whichever means of sale provided by order of this Court, no claimant besides the United States, Chase, OCS, local property tax authorities with

statutory priority, who has been named as a party in this action or whose claim arose after the proper filing of a *lis pendens*, shall be entitled to received payment of its alleged lien or claim from the sale proceeds of the subject property because no such party has a valid or existing lien upon or interest in the subject property or sale proceeds. Specifically:

a. Defendant VTS disclaimed its interest by way of the stipulation filed on July 22, 2010;

b. Defendants Automated Fin Corp, EDD, and Green Valley COA filed disclaimers of interest to this action.

c. Default judgment was entered against defendant Melmet Default services, Inc. by the July 23, 2009, judgment of this Court.

22. The Court retains jurisdiction of this action for the purpose of making proper distribution of any surplus of the proceeds of sale.

23. Hosea Summerville has waived his right to seek a new trial and/or to appeal this stipulated judgment.

**ATTORNEY'S FEES**

24. The United States will bear its own costs and attorney's fees as against defendants and defendants will bear their own costs and attorney's fees as against the United States and as against each other.

**IT IS SO ORDERED.**

Dated: March 29, 2010

HON. JOHN F. WALTER
United States District Judge

Respectfully submitted,
ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant U.S. Attorney, Chief, Tax Div.

DANIEL LAYTON, Assistant U.S. Attorney
Attorneys for United States of America